1 | Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
2 | 145 Town Center, PMB 493
Corte Madera, California 94925
3 | (415) 924-0742
(415) 891-8208 (Fax)
4 | irvberg@comcast.net (e-mail)

**FILED**

FEB - 3 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5

6 | ATTORNEYS FOR PLAINTIFF

7

8 | UNITED STATES DISTRICT COURT **LB**
FOR THE NORTHERN DISTRICT OF CALIFORNIA
9 | SAN FRANCISCO DIVISION

**CV 12     0585**

10 | ANTHONY GIANFRANCESCO,          Case No.:

11 |          Plaintiff,            **COMPLAINT FOR DAMAGES FOR**
                                    **VIOLATION OF DEBT COLLECTION**
12 | v.                              **LAWS**

13 | WELTMAN, WEINBERG & REIS CO.,
L.P.A., an Ohio corporation         **DEMAND FOR JURY TRIAL**

14 |          Defendant.      /     15 United States Code § 1692 *et seq.*
                                    California Civil Code § 1788 *et seq.*
15

16

17 |    1.    Plaintiff, ANTHONY GIANFRANCESCO ("Plaintiff"), based on information

18 | and belief and investigation of counsel, except for those allegations which pertain to the named

19 | Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following

20 | allegations:

21 | ## I. **INTRODUCTION**

22 |    2.    This is an action for damages, attorney fees and costs brought by an individual

23 | consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692,

24 | *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California

25 | Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from

26 | engaging in abusive, deceptive and unfair practices.

27 | ## II. **JURISDICTION**

28 |    3.    Jurisdiction in this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337,

COMPLAINT/se                    ANTHONY GIANFRANCESCO v. WELTMAN,
                                WEINBERG & REIS CO.
                            1

1  and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

2  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3     4.    This action arises out of Defendant's violations of the Fair Debt Collection

4  Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the California Fair Debt Collection

5  Practices Act ("CA FDCPA"), Civ. Code § 1788 *et seq.*

6                    **III. VENUE**

7     5.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that

8  a substantial part of the events or omissions giving rise to the claim occurred in this judicial

9  district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the

10 Defendant transacts business in this judicial district and the violations of law complained of

11 occurred in this judicial district.

12                **IV. INTRADISTRICT ASSIGNMENT**

13    6.    This lawsuit should be assigned to the San Francisco Division of this Court

14 because a substantial part of the events or omissions which gave rise to this lawsuit occurred in

15 San Francisco County.

16                    **V. PARTIES**

17    7.    Plaintiff is a resident of San Francisco County, California. Plaintiff was lawfully

18 employed as a waiter at several high-end San Francisco restaurants until suffering a debilitating

19 disease. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor"

20 within the meaning of Cal. Civ. Code § 1788.2(h).

21    8.    Defendant WELTMAN, WEINBERG & REIS CO., L.P.A. (hereinafter

22 "WWR" or "Defendant"), is an Ohio corporation engaged in the business of collecting debts in

23 this state with its principal place of business located at: 323 West Lakeside Avenue, Suite 200,

24 Cleveland, Ohio 441103-1099. WWR may be served as follows: Weltman, Weinberg & Reis

25 Co., L.P.A., c/o Alan Weinberg, Agent for Service, 323 West Lakeside Avenue, Suite 200,

26 Cleveland, Ohio 44113-099. The principal business of WWR is the collection of debts using the

27 mails and telephone. Defendant regularly attempts to collect debts alleged to be due another.

28

COMPLAINT/se

1  Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civ. Code §

2  1788.2(c).

3  ## VI.  FACTUAL ALLEGATIONS

4  9.   Some time ago, Plaintiff incurred a consumer debt that was assigned to Defendant

5  for collection.

6  10.   Plaintiff was unable to pay the debt because he is disabled person as defined by

7  Civ. Code § 1761(g).

8  11.   Plaintiff received a telephone call on or about January 5, 2012 from Defendant

9  to collect a debt and obtain personal information about Plaintiff.

10  12.   The caller gave 1-800-286-9403 ext. 6965 as a call back number

11  13.   Defendant failed to send Plaintiff the notice required by 15 U.S.C. § 1692g(a)(1)-

12  (5).

13  14.   Defendant's conduct was unlawful, intentional and knowing.

14  15.   Defendant's conduct caused Plaintiff actual damages by exacerbating his

15  disabled condition.

16  ## Count I

17  ### (Violation of the FDCPA, 15 U.S.C. § 1692 *et seq.*)

18  16.   Plaintiff incorporates by reference the foregoing allegations.

19  17.   Plaintiff incorporates the provisions of the FDCPA pursuant to Cal. Civ. Code

20  § 1788.17 which states:

21  **Notwithstanding any other provision of this title, every debt collector collecting
or attempting to collect a consumer debt shall comply with the provisions of**

22  **Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in
Section 1692k of, Title 15 of the United States Code. However, subsection (11)**

23  **of Section 1692e and Section 1692g shall not apply to any person specified in
paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the**

24  **United States Code or that person's principal. The references to federal codes
in this section refer to those codes as they read January 1, 2001.**

25  18.   Defendant is a debt collector not excluded from the application of the FDCPA

26  because it is not a person described at paragraph (A) and (B) of subsection (6) of section 1692 of

27  title 15 of the U.S.C. or that person's principal.

28

COMPLAINT/se                                ANTHONY GIANFRANCESCO v. WELTMAN,
                                    3   WEINBERG & REIS CO.

19.     Within five days of Defendant's communication with Plaintiff, the law requires Defendant to send Plaintiff the information set forth at 15 U.S.C. § 1692g(a)(1)-(5).

20.     Defendant's failed to send such a communication.

21.     Defendant's conduct violated 15 U.S.C. § 1692g(a).

22.     The Defendant in its telephone communication used false and deceptive means to obtain information concerning Plaintiff.

23.     Defendant's conduct violated 15 U.S.C. § 1692e.

24.     Defendant's conduct violated 15 U.S.C. § 1692e(10).

### Count II

**(Violation of the Rosenthal Fair Debt Collection Practices Act)**

25.     Plaintiff incorporates by reference all the provisions of Count I aforesaid.

26.     Defendant failed to comply with the provisions of 15 U.S.C. § 1692as aforesaid incorporated pursuant to Cal. Civ. § 1788.17.

27.     Pursuant to Cal. Civ. Code § 1788.32, the remedies provided under Cal. Civ. Code § § 1788.17 and 1788.30(c) are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.  See also Gonzales v. Arrow Financial, 660 F3d 1055, 1067 (9th Cir. 2011).

### X. REQUEST FOR RELIEF

Plaintiff requests that this Court:

A.     Assume jurisdiction in this proceeding;

B.     Declare that Defendants' collection practices violates the Fair Debt Collection Practices Act, as alleged herein.

C.     Declare that Defendants' collection practices violate the Rosenthal Fair Debt Collection Practices Act, Civ. Code § 1788.17;

D.     Declare that Defendants' unlawful conduct was directed against a disabled person and treble the damages awarded pursuant to Cal. Civ. Code § 3345.

COMPLAINT/se                           ANTHONY GIANFRANCESCO v. WELTMAN,
                              4    WEINBERG & REIS CO.

1    E.    Award Plaintiff a statutory penalty in an amount not exceeding $1,000 pursuant to

2  15 U.S.C. § 1692k(a)(2)(A);

3    F.    Award Plaintiff a statutory penalty in an amount not less than $100 nor greater

4  than $1,000 against Defendant, pursuant to Cal. Civ. Code § 1788.30(b);

5    G.    Award Plaintiff actual damages caused by Defendant's wrongdoing;

6    H.    Award Plaintiff the costs of this action and reasonable attorney's fees pursuant

7  to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § § 1788.30(c) and 1788.17; and

8    I.    Award Plaintiff such other and further relief as may be just and proper.

9

10  Dated:  2-1-2012

                        Irving L. Berg

11

12

13                      THE BERG LAW GROUP

14

15          **CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

16    Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

17  named parties, there is no such interest to report.

18                      **DEMAND FOR JURY TRIAL**

19    PLEASE TAKE NOTICE that Plaintiff hereby demands a trial by jury of all triable issues

20  of fact in the above-captioned case.

21

22  Dated:  2 '1, 2012

                        Irving L. Berg

23

24

25                      THE BERG LAW GROUP

26

27

28

COMPLAINT/se                ANTHONY GIANFRANCESCO v. WELTMAN,
                       5    WEINBERG & REIS CO.